

# IN THE
## TENTH COURT OF APPEALS

No. 10-12-00091-CR

**CHRISTOPHER ROBERT PAEZ,**

                                             **Appellant**

**v.**

**THE STATE OF TEXAS,**

                                             **Appellee**

**From the 54th District Court
McLennan County, Texas
Trial Court No. 2010-739-C2**

## MEMORANDUM OPINION

Christopher Robert Paez appeals from his convictions for aggravated sexual assault of a child, attempted aggravated sexual assault of a child, and three counts of indecency with a child by contact. Paez complains that the trial court erred by providing an improper instruction in the jury charge regarding good conduct time and erred in instructing the jury not to consider "sympathy" in assessing punishment. We affirm.

*Parole Law and Good Time Jury Charge Instruction*

Paez complains in his first issue that the jury charge's instructions regarding parole and good time were erroneous because the instructions allow the jury to consider that a defendant might be released early solely due to accruing good conduct time. Paez contends that the statutory language required to be set forth pursuant to Code of Criminal Procedure article 37.07, section 4(a) in the jury charge is insufficient and misleading. Paez did not object to the jury charge on this basis. We have previously decided this precise issue against Paez's position and are not persuaded to reconsider our ruling. *See Mathews v. State*, No. 10-12-00046-CR, 2012 Tex. App. LEXIS 7480 at *2 (Tex. App.—Waco Aug. 30, 2012, no pet. h.); *Gaither v. State,* No. 10-11-00129-CR, 2012 Tex. App. LEXIS 5252 at *3, (Tex. App.—Waco June 27, 2012, no pet. h.). We overrule issue one.

*Sympathy*

Paez complains in his second issue that the trial court erred by instructing the jury not to consider "sympathy" in its deliberations in the jury charge in the punishment phase of his trial. Paez did not object to the jury charge on this basis. We have also previously decided this issue against Paez's position and are not persuaded to reconsider our ruling. *See Mathews v. State*, No. 10-12-00046-CR, 2012 Tex. App. LEXIS 7480 at *2 (Tex. App.—Waco Aug. 30, 2012, no pet. h.); *Gaither v. State,* No. 10-11-00129-CR, 2012 Tex. App. LEXIS 5252 at *4, (Tex. App.—Waco June 27, 2012, no pet. h.); *Lewis*

*v. State,* No. 10-09-00322-CR, 2011 Tex. App. LEXIS 6074 at *4 (Tex. App.—Waco Aug. 3, 2011, no pet.) (mem. op.) (not designated for publication); *Turner v. State*, No. 10-09-00307-CR, 2011 Tex. App. LEXIS 6072 at *4, (Tex. App.—Waco Aug. 3, 2011, no pet.) (mem. op.) (not designated for publication); *Wilson v. State*, 267 S.W.3d 215, 219-20 (Tex. App.—Waco 2008, pet. ref'd).  We overrule Paez's second issue.

*Conclusion*

Finding no error, we affirm the judgments of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed November 1, 2012
Do not publish
[CRPM]